[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 583.]

BUTLER COUNTY BAR ASSOCIATION *v.* SCHOETTLER.

[Cite as *Butler Cty. Bar Assn. v. Schoettler*, 1996-Ohio-249.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Commingling of funds.*

(No. 95-2534—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-16.

———————————

{¶ 1} In a complaint filed with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), relator, Butler County Bar Association, charged respondent, Susan Schoettler, last known address in Fairfield, Ohio, Attorney Registration No. 0037627, with two counts of professional misconduct. Service of the complaint by certified mail was unsuccessful, and the complaint was served on the Clerk of the Supreme Court, pursuant to Gov.Bar R. V(11)(B) (clerk is agent for nonresident attorneys or where whereabouts unknown). A panel appointed by the board heard the matter on relator's motion for default, filed pursuant to Gov.Bar R. V(6)(F).

{¶ 2} Count One of the complaint alleged that respondent had violated, *inter alia*, DR 6-101(A)(3) (neglect of an entrusted legal matter), and 9-102(A)(2) (commingling of funds) in representing the Estate of William B. Roof. According to relator's sworn summary of its investigation results, relator accepted a check on March 21, 1990 for $7,010.40 from Janice Revalos, the executor of the estate. Respondent represented to Revalos that $4,287.10 of this amount would be applied for attorney fees due, $2,600 would be paid for estate taxes, and $123.30 would be used for court costs. Respondent purportedly advised Revalos that the estate was nearly closed, and Revalos could distribute the assets.

**{¶ 3}** Months after her assurances, however, respondent was cited by the probate court for failing to file a required accounting. On September 26, 1990, the probate court ordered respondent to show cause why the final accounting had not yet been filed. On the same day, respondent requested $4,287.10 in attorney fees by filing an application in the probate court that may have been forged with Revalos's signature. And nearly two years later, on June 27, 1993, respondent was again ordered to show cause why the final accounting had not been filed. Respondent also failed to appear at a hearing scheduled for July 26, 1993, at which Revalos appeared without her. Revalos subsequently discovered that respondent had not paid the estate taxes and penalties had accrued. She also learned that only $1,900 had been due in estate taxes, not $2,600, as represented by respondent.

**{¶ 4}** Count Two of the complaint alleged that respondent violated DR 9-102 (failure to preserve identity of client's funds and property, generally) in failing to maintain the IOLTA trust account required by R.C. 4705.09. While employed as a partner in the law firm of Mary G. Nash & Associates, respondent signed checks for office expenses that were drawn on an account purporting to be interest-bearing and exclusively for client funds.

**{¶ 5}** The panel granted the motion for default because respondent had failed to answer, and relator had complied with the evidentiary and other requirements of Gov.Bar R. V(6)(F). The panel also found that respondent had committed the charged violations of DR 6-101(A)(3), [9-102] and 9-102(A)(2). In determining the sanction for this misconduct, the panel considered relator's representations that respondent had been cooperative throughout the investigation, and that as a junior partner, she may have been acting on the poor examples of the other partner in her law firm. The panel recommended that respondent receive an indefinite suspension from the practice of law.

**{¶ 6}** The board adopted the panel's findings of misconduct and recommended sanction.

_____

*Bennett A. Manning* and *Sanford I. Casper*, for relator.

_____

***Per Curiam.***

{¶ 7} Upon review of the record, we concur that respondent committed the misconduct found by the board and agree with its recommendation. Respondent is therefore suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____